**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>KEITH ALLEN HENDRIX, )<br>)<br>Defendant. ) | Case No. CR-09-189-D<br>CIV-13-247-D |

## ORDER

Before the Court is Defendant's *pro se* motion to vacate, set aside or correct his sentence [Doc. No. 97] filed pursuant to 28 U.S.C. § 2255. The government timely responded to the motion, and Defendant timely filed a reply.

Background:

Defendant was initially charged in a three-count Indictment with 1) possession of a controlled substance with the intent to distribute it, a violation of 21 U.S.C. § 841(a)(1); 2) knowingly possessing firearms in furtherance of a drug trafficking scheme, a violation of 18 U.S.C. § 924(c)(1)(A); and 3) knowingly possessing firearms after having been convicted of a felony, a violation of 18 U. S. C. § 922(g)(1). Pursuant to a plea agreement [Doc. No. 59] and Petition to Enter Plea of Guilty [Doc. No. 60] executed by Defendant, he was allowed to enter a conditional plea of guilty to a Superseding Information charging him with two counts: 1) the violation of 21 U. S. C. § 841(a)(1), and 2) the violation of 18 U. S. C. § 924(c)(1)(A). The conditional plea allowed Defendant to appeal the Court's previous denial of Defendant's motion to suppress evidence.

On September 14, 2009, the Court accepted Defendant's plea. On October 5, 2010, the Court

sentenced him to 168 months imprisonment on the charge of possession of a controlled substance with intent to distribute, and 60 months on the charge of possessing firearms in furtherance of a drug trafficking scheme, with the sentences to run consecutively. *See* Judgment [Doc. No. 68].

Defendant timely appealed, arguing that the Court erred in denying his motion to suppress evidence. The Tenth Circuit Court of Appeals found no error in the Court's denial of Defendant's motion, and affirmed the decision. *United States v. Hendrix*, 664 F.3d 1334 (10th Cir. 2011). Defendant filed the instant motion on March 11, 2013.

In seeking relief from the Judgment pursuant to § 2255, Defendant argues that his counsel was ineffective in allowing Defendant to plead guilty to the count charging him with knowingly possessing firearms in furtherance of a drug trafficking offense. Defendant now contends that, despite his previous plea, he is not guilty of that charge. He asks the Court to find his counsel was ineffective, and to thus eliminate the 60-month sentence for the gun charge set out in Count 2 of the Superseding Information.

Defendant asks the Court to conduct a hearing on his motion. "A § 2255 petitioner is entitled to an evidentiary hearing when there is a disputed factual issue." *United States v. Gallegos,* 459 F. App'x 714, 716-17 (10th Cir. 2012) (unpublished opinion) (citing *Anderson v. Atty. Gen. of Kansas*, 425 F.3d 853, 860 (10th Cir. 2005) ("The purpose of an evidentiary hearing is to resolve conflicting evidence.")). Having reviewed the file and the parties' briefs, the Court concludes that an evidentiary hearing is not required because most of the arguments involve questions of law and, to the extent Defendant raises factual contentions, those contentions can be resolved by examining the record in this case. *See United States v. Galloway*, 56 F. 3d 1239, 1240 (10th Cir. 1995). Accordingly, the motion for an evidentiary hearing is denied.

Application:

Although § 2255 motions are not available to review the legality of issues that should have been, and were not, raised on direct appeal, the procedural bar may be avoided where the defendant argues his counsel was ineffective. *United States v. Wiseman,* 297 F. 3d 975, 979 (10th Cir. 2002). In fact, the Tenth Circuit has held that ineffective assistance claims should "ordinarily be brought in collateral proceedings and not on direct appeal." *United States v. Jones,* 449 F. App'x 767, 769 (10th Cir. 2011) (unpublished opinion) (citing *United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005)).

The government notes that, in this case, Defendant's plea agreement contained an express waiver of his right to appeal or collaterally attack his sentence, with the limited exception that he reserved the right to appeal the Court's denial of his motion to suppress evidence. Plea Agreement [Doc. No. 59] at pp. 7-8. However, the Tenth Circuit has held that, even where a plea agreement contains an express waiver of the right to collateral challenges, the waiver does not preclude a § 2255 motion claiming ineffective assistance of counsel if that claim challenges the validity of the plea agreement or the waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1190-91 (10th Cir. 2001).

In this case, Defendant contends that, in his § 2255 motion, he is challenging the validity of the plea agreement on ineffective assistance of counsel grounds. Assuming that his contention satisfies the exception in *Cockerham*, the Court finds that his motion is without merit.

To establish his ineffective assistance of counsel claim, Defendant must show both that his counsel's performance was constitutionally deficient and that, as a result, Defendant was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* analysis applies to challenges

3

to guilty pleas based on claims of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). An ineffective assistance of counsel claim is deficient if the Court finds either *Strickland* factor absent, and the Court is not required to consider the factors in any particular order. *Id.*, at 697; *Cooks v. Ward*, 165 F. 3d 1283, 1292-93 (10th Cir. 1998).

The Court's "review of counsel's performance under the first prong of *Strickland* is a highly deferential one." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir.2011) (quotations omitted), *cert. denied*, 132 S.Ct. 763 (2011). As the Tenth Circuit has explained, "'[W]e indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and presume that counsel's conduct is sound strategy." *United States v. Page,* 2012 WL 11664129, at *4 (10th Cir. May 14, 2012) (unpublished opinion) (quoting *Welch v. Workman*, 639 F.3d 980, 1010 (10th Cir. 2011), *cert. denied*, 132 S.Ct. 292 (2011)). "To be deficient, the performance must be outside the wide range of professionally competent assistance.... [I]t must have been completely unreasonable, not merely wrong." *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010) (citation and quotations omitted). "Prejudice is established by showing 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Baum,* 461 F.App'x 736 (10th Cir. 2012) (unpublished opinion) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In this case, Defendant contends that counsel was ineffective because he failed to offer an argument that the firearm found in Defendant's hotel room was not intended for use in connection with the sales of methamphetamine charged in Count 1 of the Superseding Information to which Defendant pled guilty. Defendant contends that, during the negotiations which led to his plea

4

agreement, counsel should have attempted to persuade the government to drop the Count 2 charge of possessing a firearm in furtherance of a drug trafficking scheme. Despite his previous plea of guilty to this charge, Defendant now argues that he is not guilty and that his counsel was ineffective for failing to argue his innocence.

The Tenth Circuit has rejected a contention that failure to initiate plea negotiations equates to constitutionally deficient assistance of counsel. *United States v. Boone,* 62 F.3d 323 (10th Cir. 1995), *cert. denied,* 516 U.S. 1014 (1995). In *Boone*, the Circuit held that, even if ineffective assistance could be based on failure to seek a plea, a defendant must show the prosecution was willing to negotiate a plea acceptable to the trial court and that the resulting sentence would have been different. *Boone,* 62 F.3d at 327. Otherwise, a defendant's claim that failure to initiate plea negotiations was prejudicial was purely speculative. *Id.*

Defendant's argument in this case is similarly speculative and insufficient to constitute a basis for an ineffective assistance of counsel claim. He contends that he told his counsel he was not guilty of possessing a firearm to be used in furtherance of a drug trafficking scheme, and his counsel refused to discuss this issue with him. Defendant also argues the government could not, under the evidence, prove the elements of Count 2. Although the firearm in question was located in the hotel room where Defendant admittedly sold methamphetamine, he now argues it had no connection to the drug transactions because it was in a drawer rather than located where it was accessible to the drugs and money involved in the transaction.

Even if the Court were to accept Defendant's contention that the evidence could not support a conviction on Count 2, Defendant's motion is based on the claim that his counsel was ineffective in failing to argue this point during the plea negotiations. Significantly, Defendant does not argue

5

that his guilty plea to Count 1 was altered by this alleged deficiency. Thus, to show that the allegedly deficient performance by counsel resulted in prejudice to him, Defendant must also show that the plea agreement would have been different in that it would not have required him to plead guilty to Count 2. Defendant offers no suggestion that the government would have allowed him to plead only to Count 1. The record reflects that, in negotiating the plea, Defendant's counsel obtained the government's agreement to drop the third count of the original Indictment, which charged Defendant with being a felon in possession of a firearm. There is no indication that the government would also have been willing to drop the charge set out in Count 2 of the Superseding Information. Defendant's claim of prejudice resulting from the allegedly deficient performance of his counsel is thus speculative and cannot support § 2255 relief. *See Boone, supra.*

Finally, the Court notes that the record reflects Defendant knowingly and voluntarily entered his plea to the two counts in the Superseding Information. At no time during the Court's hearing on his Petition to Enter Plea of Guilty did Defendant hesitate to admit his guilt as to both counts of the Superseding Information. In the Petition, Defendant stated:

> On December 5, 2008, in the Western district of Oklahoma, I was in possession of methamphetamine with intent to distribute and had the gun's [sic] listed in Count 2 in my possession, to aid in a drug trafficking offense.

Petition to Enter Plea of Guilty [Doc. No. 59] at ¶ 49. The Court accepted that statement, executed by Defendant and his counsel. It did so after questioning him at length regarding the knowing and voluntary nature of his plea. Nothing in his current argument alters the conclusion that he knowingly and voluntarily pled guilty to both counts of the Superseding Indictment.

Conclusion:

For the foregoing reasons, the Court denies Defendant's motion [Doc. No. 97] for relief

pursuant to 28 U. S. C. § 2255.

Having reached that conclusion, Rule 11(a) of the Rules Governing Section 2255 Proceedings requires the Court to determine whether a certificate of appealability should issue. To obtain a certificate of appealability, Defendant must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c)(2). Defendant can make such a showing by demonstrating that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Defendant has failed to do so in this case. Accordingly, the Court concludes that a certificate of appealability should not issue.

IT IS SO ORDERED this 26th day of June, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE