# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. CR-09-189-D |
| ) | CIV-13-247-D |
| KEITH ALLEN HENDRIX, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's *pro se* Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [Doc. No. 101]. The Government has filed a Response [Doc. No. 104] and Defendant has filed a Reply [Doc. No. 105]. The matter is now at issue.

On September 14, 2009, the Court accepted Defendant's guilty plea to charges of possession of a controlled substance with the intent to distribute it, a violation of 21 U.S.C. § 841(a)(1); and knowingly possessing firearms in furtherance of a drug trafficking scheme, a violation of 18 U.S.C. § 924(c)(1)(A). On October 5, 2010, the Court sentenced Defendant to 168 months imprisonment on the charge of possession of a controlled substance with intent to distribute, and 60 months on the charge of possessing firearms in furtherance of a drug trafficking scheme, with the sentences to run consecutively. *See* Judgment [Doc. No. 68].

On March 11, 2013, Defendant filed a Motion [Doc. No. 90] seeking relief from the Judgment pursuant to § 2255. Defendant claimed that his counsel was ineffective in allowing Defendant to plead guilty to the firearm count. Defendant contended he was not guilty of that charge. As relief, Defendant requested that the Court eliminate the 60-month sentence imposed for that offense. Defendant further requested an evidentiary hearing.

On June 26, 2013, the Court entered an Order [Doc. No. 99] denying Defendant's § 2255 motion to vacate. On the following day, June 27, 2013, the Court entered Judgment [Doc. No. 100] against Defendant on his § 2255 motion and denied issuance of a certificate of appealability.

Defendant now brings this Motion pursuant to Fed. R. Civ. P. 59(e). Defendant challenges the Court's Judgment on two grounds. First Defendant claims the Court failed to consider whether he suffered prejudice as a result of his counsel's alleged deficient performance in failing to adequately bring facts to the Government's attention that would show he did not commit the section 924(c)(1)(A) firearm offense. Second, Defendant asserts the Court failed to address his claim that he should be permitted to "overcome his colloquial admissions" regarding the firearm offense due to counsel's deficient performance. The Court construes this latter claim as a challenge to the Court's denial of Defendant's request for an evidentiary hearing.

In its Response, the Government contends Defendant merely reasserts the claims raised in his § 2255 motion. Consequently, the Government urges that the Rule 59(e) motion be construed as a second or successive § 2255 motion and that the motion be dismissed for lack of jurisdiction. In his reply, Defendant claims the Government has mischaracterized the relief he requests and that his Rule 59(e) motion challenges the Court's failure to consider factual and legal issues raised in his § 2255 motion.

In *Spitznas v. Boone*, 464 F.3d 1213 (2006), the Tenth Circuit addressed the distinction between a second or successive § 2255 motion and a "true" Fed. R. Civ. P. 60(b) motion.[1] Where,

---

[1] Although the *Spitzna* court addressed the issue in the context of a Rule 60(b) motion, the holding has been extended to Rule 59(e) motions. *See United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (Rule 59(e) motions "are subject to the same characterization" as Rule 60(b) motions where the motions are actually successive § 2255 motions); *see also United States v. Simpson*, 525 Fed. Appx. 733, 735 (10th Cir. 2013) ("A Rule 59(e) 'motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's
(continued...)

as here, the Defendant seeks "vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of the claim," the motion should be treated as a second or successive § 2255 motion. *Id*. at 1216. Conversely, if a defendant contends the district court failed to make any ruling on a claim properly presented in the § 2255 motion, the motion is a true Rule 60(b) motion. *Id*. at 1225. Defendant's attempt to bring his Rule 59(e) motion within the parameters of this latter category is unavailing.

Having reviewed the record, the Court finds Defendant merely reurges the claims raised in his § 2255 motion. Contrary to Defendant's assertions, the Court fully considered and denied those claims. Defendant's Rule 59(e) motion amounts to a merits-based attack of the ruling on his prior § 2255 motion and should be construed as second or successive.

To file a second or successive § 2255 motion, a defendant must obtain prior authorization from the Tenth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3) and § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Therefore, the Court dismisses Defendant's Rule 59(e) Motion, construed as a second or successive § 2255 motion, for lack of jurisdiction. The Court further finds it is not in the interests of justice to transfer the matter to the appellate court. *See id*. As the Court has previously determined, Defendant's claims lack merit.

---

[1](...continued)
underlying conviction.'") (*quoting Spitznas v. Boone*, 464 F.3d at 1215; *United States v. Castaneda*, 475 Fed. Appx. 309, 310 (10th Cir. 2010) (denying petitioner's request for certificate of appealability and affirming district court's determination that Rule 59(e) motion was actually a successive § 2255 motion)).

Defendant's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [Doc. No. 101], construed as a motion pursuant to 28 U.S.C. § 2255, is dismissed for lack of jurisdiction as a second or successive motion.

IT IS SO ORDERED this 13th day of February 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE