# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. CR-09-189-D |
| KEITH ALLEN HENDRIX, | ) ) ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Defendant Keith Allen Hendrix's Request for Early Termination of Supervised Release [Doc. No. 135], which the Court will construe as a motion. Defendant is currently serving a four-year term of supervised release that began on or about February 13, 2023. Defendant states he has demonstrated consistent compliance with all conditions of supervision, has maintained steady employment, has not failed any drug tests, and has generally established a stable foundation for his future. Defendant presents quarterly rankings from his employer, Express Credit Auto, which show his high-level performance as a salesman.

The government filed a Response [Doc. No. 137] in opposition and does not dispute that Defendant has been compliant with his conditions of supervision for nearly two years. The government objects to early termination, however, based on the seriousness of Defendant's offense and other criminal conduct. Further, the government notes that, as a "Low 1" offender, Defendant's "supervision largely consists of remote check-ins with his

probation officer, meaning that it has little impact on his day-to-day life." Gov't Resp. at 3.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervision if, after considering certain § 3553 factors, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Request in light of the information provided by the government, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. The Court commends Defendant for the progress that he has made during his period of supervision, encourages him to continue his positive efforts, and has no reason to doubt that he will continue his pattern of compliance. The Court finds that Defendant's current request should be denied without prejudice to resubmission at an appropriate time in the future.[1]

**IT IS THEREFORE ORDERED** that Defendant's Request for Early Termination of Supervised Release [Doc. No. 135] is **DENIED**, as set forth herein.

---

[1] The government likewise does not oppose revisiting its position at a later date, "should Mr. Hendrix continue to show compliance." Gov't Resp. at 3 n.2. Therefore, should Defendant continue his near-perfect compliance and resubmit his request, the Court will hold the government to its word. Accordingly, should the government still oppose early termination at that time, the Court will expect persuasive reasons supporting its position.

3

**IT IS SO ORDERED** this 5th day of February, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge